```
                                              RECEIVED
                                         USDC, CLERK, CHARLESTON, S
        IN THE UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF SOUTH CAROLINA
                                              2009 FEB 18  A 10: 30
```

Freddie Ray Hinton, Jr.,         )   C. A. No. 2:08-3105-JFA-RSC
                                 )
            Plaintiff,           )
                                 )
       -versus-                  )   **REPORT AND RECOMMENDATION**
                                 )
M.D. T. Moore,                   )
                                 )
            Defendant.           )

The pro se plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On October 14, 2008, the plaintiff was ordered at that time to "keep the Clerk of Court advised in writing (Post Office Box 835, Charleston, South Carolina 29201) if your address changes for any reason . . . If as a result of your failure to comply with this order, you fail to file something you are required to file within a deadline . . . your case may be dismissed for violating this order." (Emphasis in original).

On December 30, 2008, the defendant filed a motion for summary judgment. By order of this court filed January 6, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. Despite this explanation, the plaintiff did not respond to the motion.

On January 16, 2009, the defendant filed a supplemental motion for summary judgment moving to dismiss the case on the grounds that plaintiff has failed to prosecute this case and has failed to comply with orders of this court.

The court filed an order on February 11, 2007, directing the plaintiff to file a response to the pending motions within ten (10) days. This order was mailed to the plaintiff's last known address (Kershaw Correctional Institution, Magnolia B No 25 T, 4848 Goldmine Road, Kershaw, SC 29067). The envelope containing this order was returned to the court on February 17, 2009, marked "Return to Sender - Unable to Forward".

At this time, the plaintiff has neither responded to the defendant's motions nor advised the court of his new mailing address. Accordingly, it appears the plaintiff no longer wishes to pursue this action. Therefore, it is recommended that this action be dismissed for lack of prosecution and failure to comply with the orders of this court.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
February 18, 2007

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).

3